IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HAROLD W. CRISWELL AND<br>MARY EVELYN CRISWELL,<br><br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE FOR FFMLT<br>TRUST 2005-FF2, MORTGAGE PASS<br>THROUGH CERTIFICATES, SERIES<br>2005-FF2; SPECIALIZED LOAN<br>SERVICING LLC; AND BANK<br>OF AMERICA,<br><br>    Defendants. | §§§§§§§§§§§§§§§§§ | Case No. 4:16CV463-KPJ |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant Bank of America, N.A.'s ("BANA") Amended Motion for Summary Judgment (the "Motion") (Dkt. 52), filed on August 30, 2017. Plaintiffs Harold W. Criswell and Mary Evelyn Criswell ("Plaintiffs") filed a response (Dkt. 55), and Defendant BANA filed a reply (Dkt. 57). As set forth below, the Court finds the Motion (Dkt. 52) is **GRANTED**, and Plaintiffs should take nothing by their claims against Defendant BANA.

### I. BACKGROUND

Plaintiffs apparently filed this lawsuit in response to the initiation of foreclosure proceedings against the real property located at 1905 Dublin Road, Plano, Texas 75094 (the "Property"). Plaintiffs' Second Amended Complaint (Dkt. 26) (the "Complaint") is the operative complaint herein. On September 27, 2004, Plaintiff Harold Criswell executed a Texas home equity note (the "Note") in favor of First Franklin Financial Corporation ("First Franklin"). Dkt.

26 at ¶ 10. As security for the Note, Plaintiffs executed a Texas home equity security instrument (the "Security Instrument"). *Id*. at ¶ 11. The "Note" and the "Security Instrument" are collectively referred to herein as the "Loan."

In March 2014, Defendant BANA, then the loan's servicer, approved Plaintiffs for a trial modification of the original loan. *Id*. at 13. The trial modification required Plaintiffs to make three payments under a Trial Period Plan ("TPP"). *Id*. at ¶ 13, 15-26; *see also* Dkt. 56-3. Plaintiffs allege they successfully made the trial payments as required under the TPP, but were not subsequently provided a copy of the executed loan modification agreement. Dkt. 26 at ¶ 15. On or about April 1, 2014 (during the Trial Period), Defendant BANA transferred the servicing of the Loan to Defendant Specialized Loan Servicing LLC ("SLS"). *Id*. at ¶ 17. According to Plaintiffs, SLS continued to accept payments in the modified amount "for a period of time," but also failed to provide Plaintiffs with "fully executed permanent documents for a Modified Loan." *Id*. at ¶ 16.

On October 20, 2014, First Franklin assigned the Deed of Trust to Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF2, Mortgage Pass-Through Certificates, Series 2005-FF2 ( "Deutsche Bank"),[1] and Deutsche Bank asserts that the Deed was recorded in the real property records of Collin County, Texas, on or about August 18, 2015. *See* Dkt. 53 at 8. On or about March 17, 2016, Defendant Deutsche Bank filed a foreclosure proceeding against Plaintiffs. *See* Dkt. 26 at ¶ 25.

Plaintiffs' Complaint appears to contend that foreclosure would not have occurred but for BANA's (and later SLS's) alleged failure to provide them a copy of the executed loan

---

[1] The Court notes that Defendants Deutsche Bank and SLS (collectively, the "Deutsche Defendants") have also filed a motion for summary judgment (Dkt. 53), which the Court will address in a separate opinion.

modification agreement. *See* Dkt. 26 at ¶ 15. Plaintiffs plead claims for breach of contract and fraud against Defendant BANA. *See id*. at 6-10. Defendant BANA argues that Plaintiffs cannot meet their summary judgment burden of providing evidence to support their contentions, and BANA is entitled to summary judgment as a matter of law. *See* Dkt. 52.

## II. **LEGAL STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts

showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

### III. EVIDENCE PRESENTED

Defendant BANA has submitted the following evidence in support of its Motion:

1) Exhibit A: Plaintiffs' Second Amended Complaint;

2) Exhibit B: Affidavit of Matthew Durham ("Durham"),[2] with attachments; and

3) Exhibit C: Affidavit of Tiffany Barnfield ("Barnfield"),[3] with attachments.

*See* Dkts. 52-1-52-3.

Plaintiffs have submitted the followed evidence in opposition to the Motion:

1) Exhibit A: Letter from Plaintiffs to BANA, dated February 29, 2012, regarding Plaintiffs' right to defer payment of their property taxes;

2) Exhibit B: Letter from BANA dated March 11, 2014, notifying Plaintiffs that the servicing of the Loan would be transferred to Defendant SLS effective April 1, 2014;

3) Exhibit C: Trial loan modification offer letter from BANA, dated March 12, 2014;

4) Exhibit D: Letter from SLS, dated September 11, 2014;

5) Exhibit E: Letter from Farmers Insurance, dated February 26, 2015, canceling the insurance policy on the Property;

---

[2] Durham, an attorney at the law firm of MdGuireWoods L.L.P., is counsel for Defendant BANA.
[3] Barnfield is an officer and custodian of records for Defendant BANA.

4

6) Exhibit F: Letter from SLS, dated March 2, 2015;

7) Exhibit G: Letter from SLS, dated March 3, 2015;

8) Exhibit H: Statement and insurance policy from Farmers Insurance, dated May 2, 2014;

9) Exhibit I: Affidavit of Harold Criswell;

10) Exhibit J: Copy of Harold Criswell's Experian credit file, which appears to be undated;

11) Exhibit K: Copy of Harold Criswell's AT&T statement for the period September 14, 2014 to October 13, 2014;

12) Exhibit L: Letter from Citi Credit Management Department, dated October 14, 2015;

13) Exhibit M: Copies of checks from Harold W. Criswell & Associates to BANA and SLS, along with correspondence regarding same; and

14) Exhibit N; Notice of Servicing Transfer, dated April 6, 2014.

*See* Dkts. 55-1-55-14.

## IV. ANALYSIS

### A. BREACH OF CONTRACT CLAIM

BANA asserts that Plaintiffs cannot recover for breach of contract because the terms of the TPP do not constitute an enforceable contract. "To recover for breach of contract, one must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages to the plaintiff as a result of the breach." *Steele v. Green Tree Servicing, LLC*, 2010 WL 3565415, at *4 (N.D. Tex. 2010) (citations omitted); *see Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 55 (Tex. App.—Dallas 2006, pet. denied). BANA argues that Plaintiffs' breach of contract claim fails as a matter of law because the TPP is not a valid enforceable contract. *See* Dkt. 36 at 4. The Court agrees.

5

In order for a contract to be valid and enforceable it must be supported by consideration. *Smith Intern., Inc. v. Egle Group LLC*, 490 F.3d 380, 387 (5th Cir. 2007). The same principle applies to contractual modifications; in order to be enforceable, a loan modification must be supported by new consideration. *Rackley v. JPMorgan Chase Bank, N.A.*, 2011 WL 2971357, at *4 (W.D.Tex. 2011). "Under Texas law's 'pre-existing duty rule,' an agreement to do what one is already bound to do generally cannot serve as sufficient consideration to support a contract modification." *Id*.

To the extent Plaintiffs rely on the Trial Modification Letter, and any payments made thereunder, to support the existence of a contract, their efforts are unavailing. The Letter is not a final contract, and any payments that Plaintiffs made pursuant to the TPP do not constitute valid consideration under Texas law. In *Rackley*, the district court dismissed a borrower's breach of contract claim finding that the TPP was not an enforceable contract requiring a permanent loan modification because it was a modification of the original loan agreement and was unsupported by new consideration. *Rackley*, 2011 WL 2971357, at *3–4. The borrower making three TPP payments and submitting financial information was not new consideration because the borrower was already contractually obligated to make payments and provide financial information under the deed of trust. *Id*. at *2–3.

Numerous courts in Texas, including those in this district, have similarly concluded that a breach of contract claim cannot arise from a TPP because the TPP requires certain events to occur prior to the modification and makes the modification dependent upon the discretion of the mortgagee. *See Miller v. Fed. Home Loan Mortg. Corp.*, No. 4:12CV746, 2013 WL 6172542, at *2 (E.D. Tex. Nov. 22, 2013) (borrower-plaintiff could not rely upon trial payment plan to create a binding contractual obligation to enter into a permanent loan modification where borrower-

6

plaintiff failed to show new consideration); *Burr v. JPMorgan Chase Bank*, 2012 WL 1059043, at *4 (S.D. Tex. 2012); *Karapetyan v. JPMorgan Chase Bank, N.A.*, 2012 WL 3308883, at *3 (E.D. Tex. June 6, 2012), *report and recommendation adopted*, 2012 WL 3307448 (E.D. Tex. Aug. 12, 2012) (three payments made pursuant to trial period plan were not new consideration under Texas law); *Pennington v. HSBC Bank USA N.A.*, 2011 WL 6739609, at *1 (W.D. Tex. 2011), *aff'd sub nom. Pennington v. HSBC Bank USA, N.A.*, 493 F. App'x 548 (5th Cir. 2012) (collecting cases holding same).

Plaintiffs fail to cite Texas law supporting their argument that new consideration existed for the TPP. Thus, Plaintiffs cannot rely upon the TPP to create a binding contractual obligation to enter into a permanent loan modification. Therefore, the TPP is not a valid, enforceable contract, and Plaintiffs' breach of contract claim fails as a matter of law.

### B. FRAUD CLAIM

Plaintiffs allege BANA committed common law fraud when it "represented to Plaintiffs that if Plaintiffs complied with the Trial Period requirements, then Defendant [BANA] would provide Plaintiffs with fully executed permanent documents for the Plaintiffs' Modified Loan." *See* Dkt. 26 at ¶ 43. To prevail in a cause of action for fraud, one must provide sufficient evidence of the elements of fraud, which are: (1) a material misrepresentation was made; (2) it was false; (3) when the representation was made, the speaker knew it was false or the statement was recklessly asserted without any knowledge of its truth; (4) the speaker made the false representation with the intent that it be acted on by the other party; (5) the party acted in reliance on the misrepresentation; and (6) the party suffered injury as a result. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990). "A promise to do an act in the future is not actionable fraud unless it is made with the intention, design, and purpose of deceiving, and with no intention

of performing the act." *Steidl v. BSI Fin. Servs.*, 2013 WL 1290132, at *3 (S.D. Tex. 2013) (internal citations omitted).

Here, there is no evidence of fraudulent intent on BANA's part regarding the potential loan modification. In fact, BANA's correspondence dated March 11, 2014, plainly directs Plaintiffs to work with the new servicer (Defendant SLS) regarding any pending consideration of a loan modification. *See* Dkt. 52-3 at 59-61. The TPP itself also provides specific instructions for a situation where a borrower has made all required payments, but has not yet been notified about a permanent loan modification:

> Please continue to make payments in the amount noted in your Trial Period Plan until you receive your fully executed permanent modification documents. . . . We will contact you in writing about the status of your permanent loan modification. You must continue to meet all of the program eligibility requirements, make all of your Trial Period Plan payments on time and return any additional documents that we may require in order to receive a modification.

*See* Dkt. 52-3 at 38-41. Furthermore, under Texas law, "[f]ailure to perform, standing alone, is no evidence of the promissor's intent not to perform when the promise was made." *Steidl*, 2013 WL 1290132, at *3 (internal citations omitted). Plaintiffs' argument that BANA's alleged failure to provide permanent modification documents is not sufficient evidence of any fraudulent intent by BANA regarding the TPP and trial loan modification. Accordingly, Plaintiffs cannot sustain a claim for fraud, and BANA is entitled to summary judgment as a matter of law.

## V.  CONCLUSION

For the reasons explained, summary judgment is proper on all of Plaintiffs' claims against Defendant BANA, including Plaintiffs' claim for attorneys' fees and exemplary damages, since Plaintiffs are not the prevailing party in this lawsuit. The Court thus finds that Defendant

8

BANA's Motion for Summary Judgment (Dkt. 52) is **GRANTED**, and Plaintiffs should take nothing by their claims here.

    **IT IS SO ORDERED**.

    **SIGNED this 30th day of November, 2017.**

    _____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE